HAARSTICK et al. v. ST. LOUIS VALLEY TRANSFER RY. (Circuit Court of Appeals, Seventh Circuit. October 4, 1904.) No. 1,060. In Error to the Circuit Court of the United States for the Southern District of Illinois. Charles W. Thomas, for plaintiff in error. W. S. Forman and L. D. Turner, for defendant in error. Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. This case is ruled by the case of James Taussig, plaintiff in error. v. St. Louis Valley Transfer Railway (just decided) 133 Fed. 220. The decree of the Circuit Court will be affirmed.

———

HUDNUTT v. BRITANNIA MINING CO. (Circuit Court of Appeals, Ninth Circuit. October 3, 1904.) No. 1,018. Appeal from the Circuit Court of the United States for the District of Montana. John A. Shelton, for appellant. Stapleton & Stapleton, B. S. Thresher, and W. A. Pennington, for appellee. Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a suit in equity, brought by appellant to compel appellee to issue and deliver to him certificates for certain shares of the capital stock of the corporation, appellee herein, and for judgment against said corporation for certain sums of money declared as dividends upon said stock. The court below, upon the pleadings and proofs herein, ordered, adjudged, and decreed "that the bill of complaint be dismissed, and the prayer of the said bill be denied, and that the defendant herein have and recover its costs." From this decree the appeal is taken. This suit is similar to that of Moore v. Nickey (just decided) 133 Fed. 289, in many of its facts, and is substantially identical in relation to the question of laches, which was there discussed and decided. Upon the authority of that case upon this question, the decree of the Circuit Court is affirmed.

———

KNEPPER v. SANDS. (Circuit Court of Appeals, Eighth Circuit. October 13, 1904.) No. 1,751. Appeal from the Circuit Court of the United States for the Northern District of Iowa. I. S. Struble (G. T. Struble, on the brief), for appellant. M. B. Davis and John H. King (John T. Stearns, on the brief), for appellee. Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This suit came here upon a demurrer to a bill in equity presented by John A. Sands, a homesteader, to obtain a decree that the title under the patent to the land in his possession, which had been issued to Elmira Knepper as a bona fide purchaser from the Sioux City & St. Paul Railroad Company, under the fourth section of the act of March 3, 1887, for the adjustment of land grants (24 Stat. 557, c. 376 [U. S. Comp. St. 1901, p. 1596]), is held by him in trust for the complainant. The court below overruled the demurrer, and rendered a decree for the relief sought by the complainant. A technical objection to that decree was once made in this court upon the ground that the bill did not clearly show that the patent had been issued. But its issue to Elmira Knepper was subsequently conceded, and the case was submitted to this court for decision under that admission. The crucial question in the case, viz., "Could Elmira Knepper be esteemed a purchaser in good faith or a bona fide purchaser of the land in controversy, within the meaning of the fourth section of the adjustment act of March 3, 1887, as against John A. Sands, in view of the acts of Congress, of the acts of the Legislature of the state of Iowa, and of the open possession of the land by Sands on June 21, 1887, when Elmira Knepper purchased?" was certified by this court to the Supreme Court, and that question has been answered in the negative. Knepper v. Sands, 194 U. S. 476, 24 Sup. Ct. 744, 48 L. Ed. 1083. It would be a futile task to repeat here the laws and the facts which condition this question. They are recited at length in the opinion of the Supreme Court to which reference has been made, and the decision embodied in that opinion leaves nothing for the consideration of this court. The decree below is accordingly affirmed, on the authority of that decision.